**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NATHAN E. JONES,

     Petitioner-Appellant,

v.

JIM FERGUSON, WARDEN, and the
ATTORNEY GENERAL FOR THE
STATE OF WYOMING,

     Respondents-Appellees.

No. 98-8028
(D.C. No. 97-CV-176)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Nathan Jones was convicted in state court of aiding and abetting aggravated

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

robbery and conspiracy to commit aggravated robbery. He filed this writ for habeas corpus relief under 28 U.S.C. § 2254, alleging that his constitutional rights were violated by the illegal search of his home and by the illegal seizure of property at his residence without a warrant. The federal district court addressed these claims on the merits, and concluded that Mr. Jones had failed to show the state court's ruling on the matter was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. The court denied Mr. Jones a certificate of appealability and leave to proceed in forma pauperis. Mr. Jones appeals.[1]

Claims that a search or seizure violated a petitioner's constitutional rights are not cognizable on federal habeas if the petitioner had a full and fair opportunity to litigate the claims in state court. *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992). We see nothing in the record to indicate that the State failed to provide this opportunity to Mr. Jones. To the contrary, it is clear that Mr. Jones challenged the constitutionality of both the search and the seizure in a suppression hearing in the state trial court, and in the direct appeal of his conviction. *See Jones v. State*, 902 P.2d 686 (Wyo. 1995). Accordingly, federal habeas relief cannot be granted on his Fourth Amendment claims.

---

[1] Mr. Jones' motion for appointment of counsel on appeal is denied.

We **DENY** Mr. Jones' application for a Certificate of Appealability and for leave to proceed in forma pauperis, and we **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge